IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50667
Summary Calendar
_____

TIMOTHY A. AGUILAR,

                                        Plaintiff-Appellant,

versus

VICTOR RODRIGUEZ ET AL.,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CV-381
- - - - - - - - - -
September 3, 1998

Before KING, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

     Timothy A. Aguilar, #647166, appeals the dismissal of his 42
U.S.C. § 1983 action against Victor Rodriguez as Chairman of the
Texas Board of Pardons and Paroles and Wayne Scott as Executive
Director of the Texas Department of Criminal Justice.  He alleged
that the defendants denied him parole consideration in
retaliation for his writ-writing activities, in violation of the
First, Fifth, and Fourteenth Amendments.  Aguilar sought

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

declaratory and equitable relief.  He also sought punitive damages.

The district court dismissed Aguilar's claims for equitable and declaratory relief without prejudice, finding that he was a member of the class represented in <u>Johnson v. Texas Dep't of Criminal Justice</u>, 910 F. Supp. 1208 (W.D. Tex. 1995).[**]  Aguilar does not contest the court's finding that he is a member of the <u>Johnson</u> class.

Aguilar's separate suit for equitable and declaratory relief is disallowed in order to avoid interference with the orderly administration of the class action.  <u>See</u> <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).  Thus, the district court did not err in dismissing without prejudice Aguilar's claims for equitable and declaratory relief.

Aguilar also sought monetary relief against Rodriguez and Scott in both their individual and official capacities.  Aguilar fails to address the district court's finding that the defendants were entitled to qualified and absolute immunity in the context of his claim for monetary damages.

Arguments must be briefed in order to be preserved.  <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).  Claims not adequately argued in the body of the brief are deemed abandoned

---

[**]  The <u>Johnson</u> case was reversed in part, vacated in part, and remanded to the district court for further consideration. <u>Johnson v. Rodriquez</u>, 110 F.3d 299, 314-15 (5th Cir.), <u>cert. denied</u> 118 S. Ct. 559 (1997).

on appeal. Id. at 224-25. Thus, Aguilar has abandoned his challenge to the district court's immunity findings on appeal.

Aguilar's appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2.

This is not the first civil rights action filed by Aguilar which has been dismissed as frivolous. See Aguilar v. Texas Dep't of Criminal Justice, Inst'l Div., No. 6:97-CV-1878 (E.D. Tex. Nov. 12, 1997); Aguilar v. Abbott, No. H-97-1654 (S.D. Tex. March 31, 1998).

A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Including the dismissal of this appeal, Aguilar has three "strikes." See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars Aguilar from proceeding further under § 1915. He may proceed in subsequent civil cases under the fee provisions of § 1911-14 applicable to everyone else.

APPEAL DISMISSED; § 1915(g) SANCTION IMPOSED.